UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-21969-COOKE/O'SULLIVAN

SANDRINE CAMAGIE,

    Plaintiff,

vs.

1220 COLLINS AVENUE LLC,
doing business as THE WEBSTER,

    Defendant.

_____/

**ORDER APPROVING SETTLEMENT AGREEMENT AND
RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE**

THIS MATTER is before the Court on the Joint Motion for Approval of FLSA Settlement Agreement (DE# 9, 10/6/21).

On October 26, 2021, the Court held a fairness hearing where it heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide factual dispute over whether the plaintiff was an exempt employee and whether this was a time-and-a-half or half-time case.  The terms of the

settlement were announced on the record in open Court. The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

ORDERED AND ADJUDGED that the Joint Motion for Approval of FLSA Settlement Agreement (DE# 9, 10/6/21) is **GRANTED**. The parties' settlement agreement (including attorney's fees and costs) is hereby **APPROVED**. It is further

RECOMMENDED that this case be dismissed with prejudice and that the Court retain jurisdiction until **Wednesday, December 15, 2021** to enforce the terms of the settlement.

The parties shall have one (1) day[1] from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED** in Chambers at Miami, Florida this **26th** day of October, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] The parties agreed to a shortened, one-day period for filing objections.